833 P.2d 698

**In the Matter of Bryan James BRUNO, a Member of the State Bar of Arizona, Respondent.**

No. SB–92–0002–D.
Disc. Comm. No. 87–1489.

Supreme Court of Arizona.

June 1, 1992.

Nancy A. Greenlee, State Bar Counsel, Harriet L. Turney, Chief Bar Counsel, for the State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that BRYAN JAMES BRUNO, a member of the State Bar of Arizona is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto a Exhibit A, effective thirty (30) days after entry of this judgment pursuant to Rule 63(c), Rules of the Supreme Court.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, BRYAN JAMES BRUNO shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Judgment and Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8) and Rule 53(e)(3), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against BRYAN JAMES BRUNO for costs incurred by the State Bar of Arizona in the amount of $583.25, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

## DISCIPLINARY COMMISSION REPORT

This matter originally came before the Disciplinary Commission of the Supreme Court of Arizona in October of 1989, when it recommended to the Supreme Court that Respondent be disbarred. Upon review of the record on appeal, however, the Court determined that service, according to Rule 55(b)(6) [1], was not complete, and remanded the matter for proper service by the State Bar. Accordingly, Respondent was properly served and the matter again came before the Disciplinary Commission on September 14, 1991, for oral argument on the hearing committee's recommendation of disbarment.

### Decision

After consideration of the argument of the State Bar and of the record on appeal,

1. Rule 55(b)(6) states that if the respondent cannot be personally served in this state, service may be properly made by serving two copies of a notice of hearing and the complaint on the Clerk of the Supreme Court. The Clerk is then required to send, by registered or certified mail, one copy of the notice and complaint to the respondent at his last known address of record.

the Commission, by a unanimous vote of seven ayes[2], adopts the findings of fact and conclusions of law of Hearing Committee 6C, and affirms and adopts their recommendation that Respondent, Bryan James Bruno, be disbarred.

### Facts

The allegations in the complaint set forth a basic scheme to defraud financial institutions by presenting to the institutions candidates for loans, and knowingly creating and presenting false, fraudulent, and misleading financial information to those institutions to induce them to make loans. This conduct was clearly dishonest, fraudulent, and deceitful. The Commission finds that Respondent's actions were done knowingly, for financial gain, and with the specific intent to misrepresent, deceive, and defraud.

A complaint was filed against Respondent on August 25, 1988. Pursuant to Rule 55(b)(6), the complaint was served on the Clerk of the Arizona Supreme Court. Respondent failed to respond, and the complaint was deemed admitted[3]. Respondent was mailed a notice of the hearing to be held before Hearing Committee 6C, but failed to attend. The State Bar appeared at the hearing. The hearing committee's report and recommendation of disbarment was filed and mailed to Respondent at his San Francisco address[4], as was notice of the hearing before the Commission. Only the State Bar appeared at that hearing. Based upon the charges of the complaint deemed admitted and the argument of the State Bar, the Commission recommended that Respondent be disbarred. The Disciplinary Commission's report and recommendation was filed with the Clerk of the Supreme Court on February 13, 1990.

As stated above, the Supreme Court found that there had not been proper service of process on Respondent, pursuant to Rule 55(b)(6), and remanded the matter for proper service by the State Bar. The complaint and notice of hearing were then served upon the Clerk of the Supreme Court, in accordance with the Supreme Court's Memorandum Decision[5]. Respondent failed to respond, and the complaint was again deemed admitted. Respondent then failed to respond to a notice of right to be heard in mitigation, and the hearing committee again made a recommendation of disbarment based on the charges of the complaint deemed admitted. Respondent was properly notified of the oral argument before the Commission[6]. He did not waive his appearance before the Commission, but failed to appear for oral argument.

### Procedural Discussion

Specifically, the Court, in its Memorandum Decision, stated service was found to be incomplete as only the complaint, and not the notice of hearing, was served on the Clerk of the Supreme Court[7]; the complaint was not mailed to Respondent's address of record[8]; and the notice of hearing

2. Commissioner Andrews was absent. Ad hoc Commissioner David Dodge did not participate. At the time of the hearing, one public seat was vacant.

3. Rule 53(c)(1).

4. The State Bar had established that Respondent had been picking up his mail at this address in San Francisco, while mail sent to his last known address of record was being returned.

5. On September 17, 1990, two copies of the complaint and notice of hearing were served upon the Clerk of the Supreme Court, who then mailed one copy of the complaint and notice to Respondent's last known address of record. Both were returned, marked, "Return to Sender, No Forward Order on File Unable To Forward." The hearing was scheduled for November 30, 1990.

6. The notice of hearing before the Commission was mailed to Respondent at both his last known address of record and his San Francisco address.

7. Rule 55(b)(6) requires that both the complaint and the notice of hearing be served on the respondent.

8. The complaint was mailed to the address in San Francisco that the State Bar had established as an address at which Respondent had been picking up his mail, although it was not his address of record.

 

was not filed with the Disciplinary Clerk until seven months after the complaint was served on the Clerk of the Supreme Court, with no indication that the notice of hearing was served on Respondent at his address of record. Additionally, the Court noted the hearing was set over eighty days from the date service of the complaint was complete and well under sixty days from the date the notice of hearing was filed with the Disciplinary Clerk[9].

After the Supreme Court rendered its decision, the matter went back to the State Bar for proper service on Respondent. The Commission has determined that the procedures outlined in Rule 55(b)(6) and detailed by the Supreme Court in their Memorandum Decision have now been strictly followed and that Respondent has now been properly served.

### Discussion of Decision

Based on Respondent's actions, the committee found, and the Commission agrees, that Respondent violated Rule 42 of the Rules of Professional Conduct, specifically ER 8.4(c), which states, "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The Commission relies in part on the ABA Standards for Imposing Lawyer Sanctions (ABA Standards) to determine the appropriate sanction. Standard 5.11 is particularly applicable to the facts of this case.

Standard 5.11 provides in part that, absent aggravating or mitigating circumstances, "Disbarment is generally appropriate when ... (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." The Commission agrees with the committee finding that Respondent entered into a scheme or artifice to defraud his employer, Anchor Equities Limited. The Commission also found that as a result of the scheme and artifice,

Respondent's employer has incurred actual losses of $1,624,036.26. Consequently, the elements of Standard 5.11 have been satisfied with respect to imposition of the sanction of disbarment.

Where, as here, misconduct has been established, Standard 9.1 of the ABA Standards then warrants consideration of aggravating and mitigating circumstances which may affect the severity of the sanction to be imposed. The Commission finds no mitigating circumstances pertinent to this case. With respect to aggravation, however, the Commission finds several circumstances to be applicable. In particular, Respondent had a dishonest and selfish motive, committed multiple offenses, and failed to participate in or cooperate with the disciplinary process. Additionally, although a pattern of misconduct is usually indicative of a long history of misconduct, the committee and Commission believe the numerous "borrowers" involved in Respondent's actions warrant its inclusion here as an aggravating factor, as well.

Accordingly, the Commission agrees that disbarment is the appropriate sanction.

---

9. Rule 55(b)(6) requires the notice of hearing to fix a time for the hearing before the committee not less than sixty nor more than eighty days after the date of service on the Clerk.